# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MOJAVE OIL & GAS, L.L.C., on behalf of itself and a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>ENERVEST OPERATING, L.L.C.; ENERVEST ENERGY INSTITUTIONAL FUND XIII-A, L.P.; ENERVEST ENERGY INSTITUTIONAL FUND XIII-WIB, L.P.; and ENERVEST ENERGY INSTITUTIONAL FUND XIII-WIC, L.P.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 16-CV-582-JHP-FHM |

## OPINION AND ORDER

Before the Court are Defendants' Motion to Transfer Action to the Western District of Oklahoma (Doc. No. 28), Plaintiff's Response in Opposition (Doc. No. 33), and Defendants' Reply (Doc. No. 36). For the reasons explained below, Defendants' Motion to Transfer is **GRANTED**.

## BACKGROUND

Plaintiff Mojave Oil & Gas, L.L.C. ("Plaintiff") initiated this purported class action by filing a petition in the District Court of Tulsa County, Oklahoma. (Doc. No. 2-1). Defendants EnerVest Operating, L.L.C., EnerVest Energy Institutional Fund XIIIA, L.P., EnerVest Energy Institutional Fund XIII-WIB, L.P., and EnerVest Energy Institutional Fund XIII-WIC, L.P. ("Defendants") subsequently removed the case to this Court. (Doc. No. 2). Plaintiff alleges that it is a non-operating working interest owner in three wells located in Beckham County,

Oklahoma, in which Defendants act as an operator. (Doc. No. 2-1, ¶¶ 8-9). In October 2015, Defendants billed Plaintiff over $120,000 in litigation settlement costs and fees, which Defendants claimed was Plaintiff's proportionately allocated share of $52 million paid by Defendants to settle the case of *Chieftain Royalty Co. v. SM Energy Co., EnerVest Energy Institutional Fund XII-A, L.P., EnerVest Energy Institutional Fund XIII-WIB, L.P., EnerVest Energy Institutional Fund XIII-WIC, L.P., EnerVest Operating, L.L.C., and FourPoint Energy, LLC*, No. 11-CV-177-D, in the Western District of Oklahoma (the "*Chieftain* case"). (*Id.* ¶¶ 12-16, 21-25). Plaintiff was not a party to the *Chieftain* case and did not participate in or agree to the settlement in the *Chieftain* case. (*Id.* ¶¶ 17-20). Defendants then began "netting the *Chieftain* litigation settlement amount and attorney fees against amounts that Defendants owed to Plaintiff. (*Id.* ¶ 28). In this action, Plaintiff seeks damages on its own behalf and on behalf of a class of those similarly situated to recover the wrongfully withheld royalty payments pursuant to Oklahoma law. (*Id.* ¶¶ 65-74). Plaintiff also seeks to recover for breach of contract, breach of trust, and constructive fraud, and it seeks a declaratory judgment that EnerVest is not entitled to recover its litigation settlement costs and legal fees from the *Chieftain* case from Plaintiff and other non-operating working interest owners. (*Id.* ¶¶ 75-111). Plaintiff seeks actual and punitive damages, pre- and post-judgment interest, attorney fees, expenses, and costs. (*Id.*, *Prayer for Relief*).

Defendants now request that this action be transferred from the United States District Court for the Northern District of Oklahoma ("Northern District") to the United States District Court for the Western District of Oklahoma ("Western District") pursuant to 28 U.S.C. § 1404(a) (Doc. No. 28). Defendants argue that Plaintiff's claims arise exclusively from Defendants'

involvement in the *Chieftain* case, which remains pending before Judge Timothy DeGiusti in the Western District.  Plaintiff opposes a change of venue to the Western District (Doc. No. 33).

## DISCUSSION

Under 28 U.S.C. § 1404(a), a federal district court may transfer a civil action "for the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought."  It is undisputed that this action could have been brought in the Western District.  Therefore, the key question is whether convenience and fairness dictate transfer under 28 U.S.C. § 1404(a).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

A "party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (citations omitted).  "Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed."  *Wm. A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972).  When there is a related action pending in the transferee district, however, the plaintiff's choice of forum is of far less significance.  *See Villa v. Salazar*, 933 F. Supp. 2d 50, 54 (D.D.C. 2013); *Brown v. New York*, 947 F. Supp. 2d 317, 325-26 (E.D.N.Y. 2013); *Hitachi, Ltd. V. EMC Corp.*, 2002 WL 31098613, at *4 (W.D. Okla. July 15, 2002) (collecting cases).  "An action may be transferred under § 1404(a) at any time during the pendency of the case, even after judgment has been entered.  *Chrysler Credit Corp.*, 928 F.2d at 1516 (citing 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3844 at 334-35 (1986)).

In considering a motion to transfer under § 1404(a), the court should weigh the following discretionary factors: (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine the questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious, and economical. *Chrysler Credit Corp.*, 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)). Section 1404(a) permits a "flexible and individualized analysis," affording district courts the opportunity to look beyond a narrow or rigid set of considerations in determining whether to grant a change of venue. *Stewart Org., Inc.*, 487 U.S. at 29.

After careful consideration of the circumstances of this case, the Court finds that Defendants have met their burden of proving the existing forum is inconvenient for purposes of 28 U.S.C. § 1404(a). The balance of factors under *Chrysler Credit* dictate that this case be transferred to the Western District.

The first factor—the plaintiff's choice of forum—weighs slightly against transfer. Although Plaintiff is an Oklahoma limited liability company with is principal place of business in Tulsa, Oklahoma, the facts giving rise to the lawsuit have no material relation or significant connection to the Northern District. Courts "accord little weight to a plaintiff's choice of forum 'where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum.'" *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153,

1168 (10th Cir. 2010) (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)). The three wells that form the basis for Plaintiff's relationship with Defendants are located in Beckham County, which is in the Western District. More importantly, the claims of this suit arise directly from the litigation and settlement in the *Chieftain* case, which is pending and being resolved in the Western District. For those reasons, Plaintiff's choice of forum is given considerably less weight.

The second factor—the accessibility of witnesses and other sources of proof—weighs slightly against transfer. Plaintiff argues no witnesses have yet been identified who are located in the Western District, whereas Plaintiff's own identified witness is located in Tulsa and Defendants' identified witnesses are located in Houston, with two other potential Plaintiff's witnesses located in Houston and Denver. (*See* Doc. No. 33, at 6). While the location of Plaintiff's Tulsa witness is entitled to some weight, the burden of one witness' travel from Tulsa to Oklahoma City is not substantial.

The third factor—the cost of making the necessary proof—is neutral and does not support transfer. Plaintiff argues its costs would go up if its Tulsa counsel had to drive to the Western District. However, "the location and convenience of counsel is not a relevant factor" in the § 1404(a) analysis. *Bailey v. Union Pac. R. R. Co.*, 364 F. Supp. 2d 1227, 1230 (D. Colo. 2005) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003)).

The fourth, fifth, sixth, seventh, and eighth factors are all neutral and do not support transfer, as there is no relevant difference between the Northern and Western Districts with respect to these factors.

The ninth and final factor— all other considerations of a practical nature that make a trial easy, expeditious, and economical—strongly favors transfer, in light of the *Chieftain* litigation.

5

The Western District is already familiar with the *Chieftain* case, the terms of settlement, and how the settlement is to be administered. Transfer of this case to the Western District will advance the interest of justice by preventing duplicative use of judicial resources. Plaintiff's claims focus squarely on Defendants' involvement in the litigation and settlement in the *Chieftain* case, which is pending in the Western District. Because this case arises out of activity in the *Chieftain* case, much of the discovery will necessarily focus on that litigation and settlement. In support of this point, Defendants submit a letter from plaintiffs' class counsel in the *Chieftain* case, in which the class counsel states that Plaintiff in this case has requested production of certain confidential documents prepared in the *Chieftain* case. (Doc. No. 28-1). The *Chieftain* class counsel also requests that any issues surrounding discovery of confidential documents in *Chieftain* be transferred to the Western District should class counsel's involvement in discovery production be required, because Judge DeGiusti retains "exclusive and continuing jurisdiction over *Chieftain* and the settlement from which *Mojave* derives." (*Id.* at 2).

In sum, two of the *Chrysler Credit* factors—the plaintiff's choice of forum and the accessibility of witnesses—weigh slightly against transfer, whereas one factor weighs heavily in favor of transfer. The remaining six factors are neutral and therefore do not favor transfer. But the Court "does not simply tote up the number of factors which favor transfer and compare them to the number of factors which favor keeping [the] action in [the original district]." *El Dorado Chem. Co. v. Air Liquide Indus. U.S., LP*, 2015 WL 11237486, at *8 (W.D. Okla. Oct. 10, 2015). The Court concludes the primary and weightiest factor that favors transfer of this action to the Western District is the last one. As a practical matter, trial of this action would be more expeditious and more economical if it were held in the Western District. It would generate unnecessary expense and wasted time if this Court were required to attain the level of familiarity

with the issues involved in the *Chieftain* case that Judge DeGiusti has in the Western District. To the extent Plaintiff seeks access to confidential information pertaining to the settlement in the *Chieftain* case, the Western District is much better positioned to address the *Chieftain* class counsel's potential objections and determine what information Plaintiff may obtain pertaining to that settlement. It is apparent from the pleadings that the *Chieftain* case is more than a "collateral discovery issue," as Plaintiff posits, but rather central to the resolution of Plaintiff's claims.

Finally, while Plaintiff complains that Defendants waited over four months after the filing of this case before filing this motion to transfer, such delay does not weigh against transfer here, as the case remains in early stages and no dispositive rulings have yet been made in this case. Therefore, the evidence and the circumstances of this case are strongly in favor of the transfer of this action to the Western District.

### CONCLUSION

For the reasons detailed above, Defendants' Motion to Transfer Action to the Western District of Oklahoma (Doc. No. 28) is **GRANTED.**

_____

James H. Payne
United States District Judge
Northern District of Oklahoma